UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MADELINE FOWLER

                               Plaintiff,

    -against-

KOHL'S DEPARTMENT STORES, INC.

                              Defendant(s)
-------------------------------------------------------------------X

Civil Action No.
1:07-CV-01197 (GLS/RFT)


**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT PURSUANT TO FRCP 56**


STEVEN F. GOLDSTEIN, L.L.P.
Attorneys for Defendant
KOHL'S DEPARTMENT STORES, INC.
One Old Country Road, Suite 318
Carle Place, New York  11514
(516) 873-0011

Of Counsel
STEVEN F. GOLDSTEIN (2076)
CHRISTOPHER R. INVIDIATA (1140)

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   i

ARGUMENT

    POINT I

        STANDARD FOR SUMMARY JUDGMENT . . . . . . . . . .   1

    POINT II

        THE PLAINTIFF'S SOLE LEGAL RECOURSE
        IN THIS MATTER IS AN APPLICATION FOR
        WORKER'S COMPENSATION BENEFITS . . . . . . . . . .   2

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   5

# TABLE OF AUTHORITIES

*Burke v. Spear*, 277 F.2d 1, 2 (2d Cir.1960). . . . . . . . . . . . . . . . . . . . . . . . .   3

*Burlew v. American Mut. Ins. Co.*, 63 N.Y.2d 412 (1984). . . . . . . . . . . . .   3

*Chavez v. Noble Drilling Corp.*, 567 F.2d 287 (C.A.La.1978). . . . . . . . . .   1

*Cubbage v. Averett*, 626 F.2d 1307 (C.A.5 (La.) 1980). . . . . . . . . . . . . . .   1

*Hanford v. Plaza Packaging Corp.*,
2 N.Y.3d 348, 811 N.E.2d 30, 778 N.Y.S.2d 768 (2004). . . . . . . . . . . . . . . .   3

*Lauria v. Donahue*, 438 F.Supp.2d 131 (E.D.N.Y., 2006). . . . . . . . . . . . . . .   3

*Micari v. Trans World Airlines, Inc.*,
43 F.Supp.2d 275 (E.D.N.Y., 1999),
aff'd 205 F.3d 1323 (C.A. 2 (N.Y.), 1999). . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

*Smith v. New Venture Gear, Inc.*,
2008 WL 200015, No, 5:00-CV-1151 (N.D.N.Y., January 22, 2008). . . . . . . .   2

*St. Louis County Bank v. U.S.*, 674 F.2d 1207 (C.A.8 (Mo.) 1982). . . . . . . . .   1

*Standard Oil Co. v. Department of Energy*, 596 F.2d 1029 (Em.App.1978). . .   1

*Sullivan v. Newburgh Enlarged School Dist.*,
281 F.Supp.2d 689 (S.D.N.Y., 2003). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   2

*Underwater Storage, Inc. v. U. S. Rubber Co.*,
371 F.2d 950, 125 U.S.App.D.C. 297, 151 U.S.P.Q. 90 (C.A.D.C.1966),
certiorari denied 87 S.Ct. 859, 386 U.S. 911, 17 L.Ed.2d 784,
152 U.S.P.Q. 844, on remand 314 F.Supp. 546, 165 U.S.P.Q. 97. . . . . . . . . . . .   1

*Williams v. Brooklyn Union Gas Co.*,
819 F.Supp.214, 231 (E.D.N.Y., 1993). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .   3

# ARGUMENT

## POINT I

## STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure states that a "party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim."

Summary judgment is properly granted to a party when there is no genuine issue as to any material fact, and the moving party is entitled to judgment as matter of law. ***Underwater Storage, Inc. v. U. S. Rubber Co.***, 371 F.2d 950, 125 U.S.App.D.C. 297, 151 U.S.P.Q. 90 (C.A.D.C.1966), certiorari denied 87 S.Ct. 859, 386 U.S. 911, 17 L.Ed.2d 784, 152 U.S.P.Q. 844, on remand 314 F.Supp. 546, 165 U.S.P.Q. 97. See, also, ***St. Louis County Bank v. U.S.***, 674 F.2d 1207 (C.A.8 (Mo.) 1982); ***Cubbage v. Averett***, 626 F.2d 1307 (C.A.5 (La.) 1980); ***Standard Oil Co. v. Department of Energy***, 596 F.2d 1029 (Em.App.1978); ***Chavez v. Noble Drilling Corp.***, 567 F.2d 287 (C.A.La.1978).

It is respectfully asserted that there can be no question of material fact in this matter, as all of the facts relevant to this motion are drawn from the plaintiff's own deposition, her own complaint, and an Order of a Judge of the Workers' Compensation Board. Nor, as will be demonstrated below, can there be any question under the circumstances that the defendants are in fact entitled to judgment as a matter of law.

1

**POINT II**

**THE PLAINTIFF'S SOLE LEGAL RECOURSE IN THIS MATTER IS
AN APPLICATION FOR WORKER'S COMPENSATION BENEFITS**

As indicated in the Statement of Material Facts included with this motion, the plaintiff was an employee of Kohl's Department Stores beginning March 17, 2004 (Exhibit "A," paragraph 12). On February 8, 2005, the plaintiff suffered a work-related accident (Exhibit "A," paragraph 24). In connection to that accident, the plaintiff elected to apply for Workers' Compensation benefits (Exhibit "C"). On January 17, 2007, she was adjudged by the Workers' Compensation Board to have a work related disability, and was awarded Workers' Compensation benefits, dating back to May 10, 2006, the date which the plaintiff alleges to have left the employ of Kohl's (Exhibit "C").

It is respectfully asserted that, under the circumstances of this matter, where the plaintiff is claiming employment discrimination relating to a disability which is the result of a work-related injury, the plaintiff's sole recourse with regard to their employer, Kohl's, is Workers' Compensation. As the plaintiff is in fact receiving Workers' Compensation benefits for her accident at Kohl's, there is no basis upon which the plaintiff may maintain the present action, and summary judgment must be granted dismissing all claims herein, pursuant to the Eighth Affirmative Defense asserted in the Answer on behalf of Kohl's Department Store, claiming Workers' Compensation Exclusivity.

As an initial point, it should be noted that New York state courts require the same standard of proof for claims brought under New York Human Rights Law (NYHRL) as those brought under the Americans With Disabilities Act (ADA) and Title VII, so claims relating to those statutes may be analyzed in tandem. *Smith v. New Venture Gear, Inc.*, 2008 WL 200015, No, 5:00-CV-1151 (N.D.N.Y., January 22, 2008); *Sullivan v. Newburgh Enlarged School Dist.*, 281 F.Supp.2d 689

(S.D.N.Y., 2003). Thus, the plaintiff's claims under both the State law and Federal law may be treated identically for the purposes of this motion.

New York State's Workers' Compensation Law, at §11 thereof, states in relevant part that "The liability of an employer prescribed by the last preceding section shall be exclusive and in place of any other liability whatsoever, to such employee." The New York Workers' Compensation Law exclusive remedy doctrine thus bars an employee from bringing an action against an employer or the employer's agent based in anything other than an intentional tort. See, ***Hanford v. Plaza Packaging Corp.***, 2 N.Y.3d 348, 811 N.E.2d 30, 778 N.Y.S.2d 768 (2004). See also N.Y. Work. Comp. Law § 11. It applies in every case alleging an "indifference to present legal duty, [or] to utter forgetfulness of legal obligations so far as the other person may be affected." ***Lauria v. Donahue***, 438 F.Supp.2d 131 (E.D.N.Y., 2006). See also ***Burke v. Spear***, 277 F.2d 1, 2 (2d Cir.1960).

As has been stated previously by the Courts, "[a]ll employer conduct that is regulated by the Worker's Compensation Law is subject to the protection of that law's exclusivity; if the employer violates any provision of the code, an employee's remedies cannot exceed those granted in the statutes." ***Williams v. Brooklyn Union Gas Co.***, 819 F.Supp.214, 231 (E.D.N.Y., 1993), citing ***Burlew v. American Mut. Ins. Co.***, 63 N.Y.2d 412 (1984).

The plaintiff in this matter claims discrimination for a failure to accommodate her for disabilities resulting from injuries sustained on the job, and for which she is receiving worker's compensation payments. It is respectfully submitted that New York's Worker's Compensation Law is the plaintiff's sole and exclusive remedy in this matter.

In the strikingly analogous action of ***Micari v. Trans World Airlines, Inc.***, 43 F.Supp.2d 275 (E.D.N.Y., 1999), aff'd 205 F.3d 1323 (C.A. 2 (N.Y.), 1999), the plaintiff was injured on the job,

3

filed for and received both worker's compensation and social security disability as a result of his

injuries, and then filed both ADA and NYHRL claims against his employer, claiming employment

discrimination due to a failure to provide reasonable accommodation for those same disabilities

regarding which he was already receiving Worker's Compensation benefits. In the course of

dismissing the plaintiff's employment discrimination claims under both the State and Federal Law,

Judge Glasser in the Eastern District stated that:

> New York Worker's Compensation law provides the exclusive remedy for
> unintentional employment related injuries. [The plaintiff], in fact, has availed himself
> of that remedy - he applied for and has been receiving Workers' Compensation since
> the date of the incident. Accordingly, [the plaintiff's] injury does not give rise to a
> claim for failure to accommodate under the ADA.

*Id*, internal quotations and citations omitted. See also ***Smith***, supra at *41 ["Moreover her allegations

do not support a finding that the claim falls within an exception to the exclusivity provision of New

York's Workers' Compensation Law."]

Ms. Fowler's allegations and causes of action as against Kohl's mirror in all material ways

the claims in the ***Micari*** matter. The plaintiff was injured on the job, adjudged disabled by the

Workers' Compensation Board receiving benefits therefrom, and subsequently instituted a law suit

against her now former employer, alleging a failure to provide reasonable accommodation for those

same disabilities for which she was already receiving Workers' Compensation benefits, and seeking

damages under the ADA and the NYHRL.

Specifically, while at work on February 8, 2006, the plaintiff suffered an injury to her neck,

back and arms, that has never subsided (Exhibit "D," p. 197-198). This injury caused a number of

work limitations, including the inability to lift things over 5 pounds in weight (Exhibit "D," pp. 205-

209). She could not perform these actions at work, and had to rely on other people to do them for

4

her. (Exhibit "D," pp. 210-215). This action relates entirely to the plaintiff's disability, which began as a result of that very injury (Exhibit "A"). The plaintiff is receiving Workers' Compensation for the same injury: an injury to her neck, back and arms received at work on February 8, 2006. (Exhibit "C").

As in *Micari*, the plaintiff's sole recourse as against her employer - one which she has already elected and received - is the application for and receipt of Workers' Compensation benefits.

As, pursuant to §11 of the Workers' Compensation Law, the plaintiff has no legal basis upon which to maintain this action, seeking damages under the ADA and the NYHRL for a failure to provide reasonable accommodation for a disability obtained in a work-related accident, it is respectfully submitted that this Court should issue an Order pursuant to FRCP Rule 56, granting the defendant Summary Judgment, and dismissing all claims against Kohl's Department Stores, Inc.

## CONCLUSION

It is respectfully requested that this Court issue an Order, pursuant to Rule 56 of the Federal Rules of Civil Procedure, granting the defendants Summary Judgment and dismissing all claims against them, together with such other, further and different relief as this Court deems just and proper.

Dated: Carle Place, New York
      January 26, 2009

Yours, etc.,

STEVEN E. GOLDSTEIN, LLP

By: _____
CHRISTOPHER R. INVIDIATA (511237)
Attorneys for Defendants
One Old Country Road, Suite 318
Carle Place, New York 11514
(516) 873-0011

5